IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:19-cr-99 |
| | ) |
| CHRISTOPHER WARREN LAPP | ) |
| Defendant. | ) |

### ORDER

On March 27, 2019, Defendant Christopher Warren Lapp was charged with (i) armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d); (ii) carjacking, in violation of 18 U.S.C. § 2119; and (iii) two counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Defendant, a 62-year old man who earned multiple Ph.D.'s and Master's Degrees in physics and nuclear engineering, was arrested and detained at the Alexandria Adult Detention Center ("ADC").

In a January 29, 2020 Order, following the submission of a report by forensic staff at FMC Fort Worth in which defendant was diagnosed with [redacted] and found to be incompetent and unable to assist in his defense, defendant was found not competent to stand trial. *See United States v. Lapp*, Case No. 1:19-cr-99 (E.D. Va. Jan. 29, 2020) (Sealed Order). Defendant was then transferred to FMC Butner for a determination of whether defendant could be restored to competency to stand trial. After a significant period of time and treatment at FMC Butner, physicians there were successful in treating defendant and restoring him to competence to stand trial.[1] An Order issued reflecting this on March 8, 2021. *See United States v. Lapp*, Case No. 1:19-cr-99 (E.D. Va. Mar. 8, 2021) (Sealed Order). Defendant was then returned to ADC, and soon

---

[1] Defendant initially declared a resistance to taking any medication to restore him to competency. However, after working with Dr. Logan Graddy, M.D., at FMC Butner, defendant voluntarily began taking medication to help restore him to competency.

1

thereafter pled guilty to armed bank robbery, carjacking, and one count of using, carrying, and brandishing a firearm during a crime of violence.

After the change of plea hearing, an Order issued April 16, 2021 directing the U.S. Marshals Service "promptly to return defendant to FMC Butner" in order "[t]o ensure continuity of treatment and mental health care for defendant." *See United States v. Lapp*, Case No. 1:19-cr-99 (E.D. Va. Apr. 16, 2021) (Order). A week later, defense counsel filed a notice notifying the Court that FMC Butner had refused to receive defendant absent a finding of incompetence or an order directing a statutorily recognized evaluation. Thus, defendant remained at ADC, where he did not receive any medication or further treatment.[2] On May 18, 2021, defendant committed suicide in his cell at ADC. It is unknown whether the fact that defendant did not receive medication at ADC, as he had been receiving at FMC Butner, played a role in defendant's suicide.

On June 25, 2021, a show cause hearing was held to determine (1) why, contrary to the Court's April 16, 2021 Order, defendant was not admitted to FMC Butner and treated by the medical team that had successfully restored him to competency, and (2) why defendant was not treated more successfully or provided medication at ADC given defendant's prior successful treatment at FMC Butner.

From the hearing, it is clear that the Court's April 16, 2021 Order should have been followed; FMC Butner should have accepted defendant and continued his treatment regimen. Court orders are not discretionary recommendations, but authoritative commands. If administrative or legal personnel at FMC Butner believed that defendant should not legally have

---

[2] After defendant returned to ADC from FMC Butner, defendant was interviewed by a board-certified psychiatrist, Dr. Dean Inouye, M.D. At the show cause hearing, Dr. Inouye stated that at the time he interviewed defendant, Dr. Inouye did not have any of defendant's medical records from FMC Butner. During defendant's interview with Dr. Inouye, defendant said that he did not think he had ▬▬▬▬ and that he did not want to continue taking medication for ▬▬▬▬. Consequently, defendant was not prescribed additional medication.

2

been accepted at FMC Butner, those personnel should have caused a motion to be filed asking this Court to reconsider and vacate its Order. In the meantime, pending resolution of that motion, FMC Butner should have obeyed the Court's Order.

Furthermore, it is clear from the hearing that defendant's medical treatment at ADC was less effective than it might have been because ADC's medical treatment personnel did not have access to defendant's FMC Butner medical records when considering treatment options with defendant. Accordingly, in the future, FMC Butner must provide, at a minimum, a discharge summary to aid treatment providers at ADC when inmates are transported from FMC Butner to ADC.

Accordingly,

It is hereby **ORDERED** that from this date forward the Bureau of Prisons/FMC Butner **SHALL** provide, at a minimum, discharge summaries to medical treatment providers at ADC when inmates are transferred from FMC Butner to ADC.

It is further **ORDERED** that the Bureau of Prisons is **DIRECTED** to file a notice by Friday, July 30, 2021 at 5:00 p.m. informing the Court as to what steps the Bureau of Prisons has taken to ensure that discharge summaries, at a minimum, are provided to ADC medical treatment providers when inmates are transferred from FMC Butner to ADC.

The Clerk of Court is directed to send a copy of this Order to the U.S. Marshals Service, to FMC Butner, to the Bureau of Prisons, to the Alexandria Adult Detention Center, and to all counsel of record.

Alexandria, Virginia
June 30, 2021

/s/
T. S. Ellis, III
United States District Judge